[Civ. No. 961.   First Appellate District.—May 28, 1912.]

## SAN FRANCISCO COMMERCIAL AGENCY, Appellant, v. C. H. WIDEMANN, Respondent.

ACTION TO RECOVER DEPOSIT—SALE OF CATTLE—UNVERIFIED COMPLAINT —GENERAL DENIAL—BURDEN OF PROOF—DEFENSE OF FIRST BREACH —REFUSAL TO ACCEPT CATTLE—PROOF WITHOUT PLEADING.—In an action to recover a deposit made by plaintiff's assignor on the sale of cattle to be made by defendant, where the complaint is unverified, and the answer is a general denial of every allegation of the complaint, the burden is upon the plaintiff to prove such allegations, and the defendant may show under the general issue that plaintiff's assignor first broke the contract by refusing to accept the cattle tendered by defendant in compliance therewith, and he is not required to plead such defense nor to seek damages by way of cross-complaint for such first breach.

ID.—FINDINGS SUPPORTING JUDGMENT—NATURE OF OBLIGATION IMMATERIAL.—Where the trial court found upon sufficient evidence that plaintiff's assignor first broke the contract without fault or failure of the defendant, it follows that no cause of action existed for the return of the deposit made thereunder, and the findings in favor of the defendant were sufficient to support the judgment in his favor; and no further inquiry is needed as to the nature of the defendant's obligation to supply the cattle or as to the proper evidence to prove the same.

APPEAL from a judgment of the Superior Court of Monterey County.   B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Perry & Perry, for Appellant.

Sargent & Bardin, for Respondent.

19 Cal. App.—14

LENNON, P. J.—Plaintiff's complaint in this action consists of two counts. The first count in effect alleges that plaintiff's assignor entered into a contract with the defendant for the purchase and sale of certain livestock for the sum of $5,170.46, which was to be paid upon the delivery of the cattle; that $500 thereof was deposited with the defendant as payment in part; that the sum so paid was to be returned to plaintiff's assignor if defendant failed to deliver the cattle as per the terms and conditions of the contract; that the cattle contracted for were subsequently delivered and accepted as agreed, and that, in addition to the $500 previously paid on account, the full purchase price was paid to the defendant; that although demand had been made upon the defendant for the said $500, he had failed and refused to return the same.

The second count of plaintiff's complaint stated a cause of action in the nature of a claim for moneys had and received, based upon the theory that the $500 paid on account was to be returned unless the defendant delivered to plaintiff's assignor a sufficient number of the cattle contracted for to equal in value, quality and quantity, the sum of $500.

The answer of the defendant denied all of the material allegations of the complaint, and in addition pleaded in abatement of the action the nonjoinder of a necessary party defendant.

Upon the issues thus raised the trial court rendered and entered judgment for the defendant, from which and from an order denying a new trial the plaintiff has appealed upon the judgment-roll and a statement of the case.

By the terms of the contract, a written memorandum of which was offered and received in evidence, the defendant agreed to deliver the cattle in a specified condition to the plaintiff's assignor at King City in the county of Monterey. They were to be delivered in two herds—one on May 20, 1909, and the other on June 1st of the same year.

With reference to the number of cattle purchased and the price to be paid therefor, the written memorandum of the contract recited merely that plaintiff's assignor had bought from the defendant "all fat cows and heifers at 6½¢," and that the sum of $500 had been paid on account of the purchase. It is apparent, therefore, that the exact number of

cattle sold and to be delivered under the contract was left to be subsequently determined by the parties to the contract, and that the price ultimately to be paid was a matter of calculation to be made upon delivery.

The trial court in effect found as facts that on May 24, 1909, the defendant delivered to plaintiff's assignor a portion of the cattle contracted for, and that the defendant received in payment therefor the sum of $5,170.46; that it was not agreed between the parties to the sale that $5,170.46 was the total purchase price of the two herds of cattle, but, on the contrary, that the said sum, estimated in accordance with the terms of the contract, was only the value and purchase price of the first herd sold and actually delivered to plaintiff's assignor; that the $500 in dispute was intended and agreed by the parties to be applied as part payment only on the purchase price of the cattle agreed to be delivered on June 1, 1909; that although the defendant, on said last-mentioned date, had offered to make delivery and was at all times ready, able and willing to make delivery of the second herd of cattle in accord with the conditions specified in the contract of sale, plaintiff's assignor refused to accept delivery of the same then or at any time since then.

That these findings are amply supported by the evidence is not disputed by plaintiff, but it is insisted that the defendant should not have been permitted to show a breach of the contract or have judgment under an answer which, by general denials only, put in issue the facts constituting plaintiff's cause of action; and that unless a breach of the contract was specifically pleaded as a defense to the action, and damages for the breach sought by way of cross-complaint or counterclaim, no relief could be afforded defendant in the present action.

A general denial puts in issue the material allegations of the complaint. (Code Civ. Proc., sec. 437.) In the present case the plaintiff's complaint was not verified, and the general denial of the defendant's answer put in issue all of the material allegations of the complaint, and placed the burden upon plaintiff of showing facts sufficient to constitute the particular cause of action alleged in the complaint. One of the allegations of plaintiff's complaint was "that on or about the twenty-fourth day of May, 1909, the Oakland Meat

& Packing Company (plaintiff's assignor) accepted the quantity of cattle . . . agreed to be purchased by it.'' The evidence complained of was addressed to the issue raised by the denial of this averment; and as it tended to show a breach of the contract by plaintiff's assignor in refusing to accept the cattle, such evidence was clearly admissible.

In the present case the evidence is more than sufficient to warrant the conclusion that the defendant was at all times ready, able and willing to make delivery of the cattle contracted for, and that such delivery was prevented solely by the neglect and default of the plaintiff's assignor. The burden of proof was upon the plaintiff to show the defendant's breach of the contract; and if, as the trial court found, plaintiff's assignor itself first breached the contract, without fault or failure of the defendant, no cause of action for the return of the money paid on account of the contract existed in favor of the plaintiff, and the defendant was properly permitted to avail himself of such defense under the general issue. (Civ. Code, sec. 1439; *Wood, Curtis Co.* v. *Seurich,* 5 Cal. App. 252, [90 Pac. 51].)

The findings of the trial court upon the issues of price, payment and delivery were in themselves sufficient to warrant and support a judgment in favor of the defendant; and those findings necessarily defeat and dispose of plaintiff's right to recover on the contract, whether it be an individual or partnership obligation. It is unnecessary, therefore, to pass upon the sufficiency of the evidence to support the issue and finding of nonjoinder, or to decide the question as to whether or not parol evidence was admissible to prove that issue.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1912.