[Civ. No. 2036. Second Appellate District.—February 6, 1918.]

STEVE KARALES, Respondent, v. LOS ANGELES CREAMERY COMPANY (a Corporation), Appellant.

CONTRACT—SALE AND DELIVERY OF MILK—BREACH BY VENDOR—RECOVERY FOR MILK SOLD.—A contract to sell and deliver milk daily for a period of three months is indivisible, notwithstanding the milk is to be paid for monthly, and where delivery is stopped before the expiration of the period by reason of the sale of the cows, the vendor cannot recover on the contract for milk delivered, since one who himself breaches a contract, without excuse, cannot recover in an action upon the contract for a breach of its terms by the other party.

APPEAL from a judgment of the Superior Court of Los Angeles County. Eugene P. McDaniel, Judge Presiding.

The facts are stated in the opinion of the court.

Lloyd, Cheney & Geibel, and Ovila Normandin, for Appellant.

Chas. S. McKelvey, for Respondent.

WORKS, J., *pro tem.*—The amended complaint in this action asks for judgment for the contract price of milk delivered during the months of January and February, 1915, at the special instance and request of the defendant. The answer alleges that the milk was delivered pursuant to the terms of a written contract between the parties and that none was delivered after February 10, 1915. A copy of the contract is attached to the answer as an exhibit. By it Karales agreed, under date of December 1, 1914, to sell and deliver daily, and the Creamery Company agreed to buy, all the milk produced by Karales, being not less than four hundred pounds per day from not less than thirty-five cows, for a three-months period from December 1, 1914, to March 1, 1915, at an agreed price per pound of butter fat content of the milk, payment to be made before the 15th of each month for deliveries during the preceding month. The contract also bound Karales to furnish the milk from healthy, well-fed cows, to keep his dairy in a clean and sanitary condition, and to protect the milk with a proper canvas covering while it was in transit to the company. It also provided that if the delivery of milk should be interfered with by strikes, or other specified untoward occurrences, then the contract should be suspended only during such interference. The trial court found the facts as alleged in the answer, with the further finding, in effect, that Karales had stopped the delivery of milk on February 10th because he had sold his cows, but rendered judgment in his favor. The appeal is from the judgment.

Notwithstanding the fact that the milk was to be paid for monthly, the contract was indivisible and entire, and the plaintiff committed a breach of its provisions by ceasing delivery on February 10th. (*McConnell* v. *Corona City Water Co.*, 149 Cal. 60, [8 L. R. A. (N. S.) 1171, 85 Pac. 929]; *Wood, Curtis & Co.* v. *Seurich*, 5 Cal. App. 252, [90 Pac. 151]; *Los Angeles Gas & Elec. Co.* v. *Amalgamated Oil Co.*, 156 Cal. 776, [106 Pac. 55]; and one who himself breaches a contract, without excuse, cannot recover in an action upon

the contract for a breach of its terms by the other party. (*Wood, Curtis & Co.* v. *Seurich, supra; Los Angeles Gas & Elec. Co.* v. *Amalgamated Oil Co., supra; California Sugar Agency* v. *Penoyar,* 167 Cal. 274, [139 Pac. 671] ; *Los Angeles Gas & Elec. Co.* v. *Amalgamated Oil Co.,* 168 Cal. 140, [142 Pac. 46].) The fact that Karales sold his cows and went out of the dairy business was plainly no excuse or justification for his breach of the contract.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.