[Civ. No. 4838. Second Appellate District, Division One.—May 9, 1927.]

W. N. RATHBUN et al., Appellants, v. SECURITY MANU-FACTURING CO. (a Corporation), Respondent.

[1] CONTRACTS — WRITTEN AGREEMENT TO MANUFACTURE VALVES — PROMISSORY NOTE — TESTIMONY CONCERNING ORAL AGREEMENT — GRANTING OF MOTION TO STRIKE OUT—ABSENCE OF ERROR.—In an action to recover damages for nondelivery of certain motor valves, where plaintiffs and defendant entered into a written contract whereby, in consideration of plaintiffs' order for a stated number of valves, plaintiffs' check for a stated amount, and plaintiffs' thirty-day promissory note for a specified amount, in payment of special dies required for the production of the work, defendant agreed to manufacture, at certain prices, such motor valves as plaintiffs might order from time to time during the period of one year, the trial court did not err in granting defendant's motion to strike out oral testimony as to conversations between the plaintiffs and defendant, to the effect that the dies would not be completed within thirty days from the date of the contract, and that defendant would take care of the note until the dies were

---

1. Subsequent parol agreement to vary writing, note, 56 **Am. St. Rep.** 659. See, also, 6 Cal. Jur. 375; 6 R. C. L. 914.

completed, there being no evidence of an executed oral agreement in the case.

[2] Id.—Promissory Note—Estoppel.—In such action, the doctrine of estoppel *in pais* cannot be invoked to excuse the nonpayment of a promissory note due on a certain date.

[3] Id.—Manufacture of Valves—Delivery—Refusal to Pay Note —Finding—Evidence.—In such action, the evidence was sufficient to support the finding of the trial court that defendant manufactured approximately a specified number of valves, but that defendant refused to deliver said valves to plaintiffs until the note mentioned in the written contract was paid, and so notified the plaintiffs, and that said note was never paid.

[4] Id.—Performance—Default.—One party cannot compel another to perform while he himself is in default under the contract.

(1) 13 C. J., p. 594, n. 41; 22 C. J., p. 1255, n. 53.    (2) 21 C. J., p. 1111, n. 36.    (3) 35 Cyc., p. 591, n. 38.    (4) 13 C. J., p. 427, n. 43.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Ruben S. Schmidt, Judge.    Affirmed.

The facts are stated in the opinion of the court.

George S. Hupp and Ben F. Gray for Appellants.

Clark & Law for Respondent.

McLUCAS, J., *pro tem.*—Action is brought to recover $34,800 as damages for nondelivery of certain motor valves which it is alleged defendant contracted to manufacture and deliver to plaintiffs and which plaintiffs had in turn contracted to sell and deliver to their customers.    Defendant alleges that it did manufacture all of said valves that had been ordered, and offered to deliver the same, and that plaintiffs failed and refused to pay a promissory note of $300 given under the terms of the contract; and asks judgment for said amount, with attorney's fees, together with judgment in the sum of $1,792.12 for valves manufactured. The trial court adjudged that plaintiffs and defendant take nothing.    Plaintiffs appeal from the judgment.

2.    See 10 Cal. Jur. 630; 10 R. C. L. 690.

4.    Right of party who once refused to perform to have specific performance of contract, note, 2 A. L. R. 416.    See, also, 23 Cal. Jur. 453.

Under date of April 16, 1921, plaintiffs and defendant entered into a written contract whereby, in consideration of plaintiffs' order for 5,000 motor valves, plaintiffs' check for $200, and plaintiffs' thirty-day note for $300, in payment of special dies required for the production of the work, defendant agreed to manufacture, at certain prices, such motor valves as plaintiffs might order from time to time during the period of one year. Defendant agreed to deliver the goods within thirty days after receipt of order from plaintiffs, with the exception of new specifications. Plaintiffs agreed to inaugurate and maintain an active sales campaign for the sale of the motor valves, and, after the initial order was completed, to purchase not less than 2,000 per month for six months, and 3,000 per month thereafter. A promissory note in the usual form, due thirty days from the date of the contract, for the sum of $300, was delivered by plaintiffs to defendant. This note has never been paid. There is no provision in the written contract requiring completion of the dies before the payment of the note, or at any other definite time. Testimony was introduced and received in reference to conversations between the plaintiffs and defendant, to the effect that the dies would not be completed within thirty days from the date of the contract, and that defendant would take care of the note until the dies were completed. On defendant's motion, all testimony as to the contemporaneous oral agreement was stricken.

[1] It is asserted by appellants that the trial court erred in granting the motion to strike, for the reason that this testimony was introduced, not for the purpose of varying the terms of a written contract, but simply to explain and excuse nonperformance, and that respondent is estopped to take advantage of the nonpayment of the note when due. This assertion is without merit. A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise. (Civ. Code, sec. 1698.) There is no evidence of an executed oral agreement in the case at bar. In *Rottman* v. *Hevener*, 54 Cal. App. 474, it is said at page 479 [202 Pac. 329, 331]: " . . . it is the established rule in this state that the time of payment as fixed by the written contract may not be suspended or extended by a subsequent unexecuted oral agreement. (*Henehan* v. *Hart*, 127 Cal. 656 [60 Pac. 426]; *Harloe* v. *Lambie*,

132 Cal. 133 [64 Pac. 88]. See, also, *Foster* v. *Furlong,* 8 S. D. 282 [78 N. W. 986].)'' **[2]** Neither can the doctrine of estoppel *in pais* be invoked under the circumstances of this case to excuse the nonpayment of a promissory note due on a certain date. (*Rottman* v. *Hevener, supra; Lindemann* v. *Coryell,* 59 Cal. App. 788 [212 Pac. 47].)

**[3]** In conclusion, it may be remarked that there is sufficient testimony in the record to support the finding of the court that defendant manufactured approximately 5,000 valves, but that defendant refused to deliver said valves to plaintiffs until the note mentioned in the agreement was paid, and so notified the plaintiffs, and that said note was never paid.

**[4]** It is elementary that one party cannot compel another to perform while he himself is in default under the contract. (*Wood, Curtis & Co.* v. *Seurich,* 5 Cal. App. 252 [90 Pac. 38]; *San Francisco Commercial Agency* v. *Widemann,* 19 Cal. App. 209 [124 Pac. 1056]; *Karales* v. *Los Angeles Creamery Co.,* 36 Cal. App. 171 [171 Pac. 821].)

For the reasons stated, it is ordered that the judgment be affirmed.

Conrey, P. J., and York, J., concurred.