[Civ. No. 6681. First Appellate District, Division One.—January 27, 1930.]

LEWIS PUBLISHING COMPANY (a Corporation), Appellant, v. CHARLES W. HENDERSON et al., Executors, etc., Respondents.

George D. Collins, Jr., and Paul A. Lindley for Appellant.

Walker S. Teeson for Respondents.

KNIGHT, J.—This is an appeal by plaintiff from an adverse judgment in an action to recover the sum of $565 on a rejected claim theretofore presented for allowance against the estate of Ellen M. Wetherbee, deceased.

The facts as they appear from the findings and the evidence supporting the findings are as follows: Mrs. Wetherbee subscribed for a set of books which plaintiff was about to publish, entitled "California and Californians," the purchase price being $65. A few days later plaintiff's representative stated to her that if she would agree to cancel said subscription and pay an additional $1,000 plaintiff would reproduce the portrait of herself and her deceased husband in said books from steel plates which would be entirely hand engraved and deliver to her a set of the books, the hand-engraved steel plates from which the portrait was to be reproduced and ten prints therefrom. Mrs. Wetherbee accepted the proposition and thereupon plaintiff's representative prepared a memorandum of the agreement, which was addressed to plaintiff, signed by Mrs. Wetherbee, and provided among other things that one-half of the agreed

price of $1,065 should be paid on submission of the proofs and the balance on delivery of the books, etc. Mrs. Wetherbee made the first payment of $500, as called for in the agreement, but before the publication of the books was completed she died. Thereafter the books were sent by express to her late residence, and defendants refused to accept or pay for the same for the reason, as the answer alleges and the evidence shows, that the portrait of Mrs. Wetherbee and her husband was not reproduced therein from steel plates entirely hand engraved, as plaintiff agreed it would be, but were executed on plates partly machine made and of a greatly inferior quality. The trial court concluded from the foregoing facts that plaintiff had not performed its contract; that there had been a failure of consideration, and that, consequently, plaintiff was not in a position to enforce the terms of the contract against the other party thereto.

The main contention made by plaintiff in support of the appeal is that the findings and judgment are erroneous in that they are founded upon evidence which is violative of the code provisions declaring in effect that a contract when reduced to writing supersedes all negotiations and stipulations concerning its matters which preceded or accompanied its execution (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856), and can be altered only by a contract in writing or by an oral executed agreement, but not otherwise. (Civil Code, sec. 1698.) This contention arises out of the following circumstances: In preparing the memorandum of agreement plaintiff's representative omitted to specify therein, as agreed, that the steel plates to be used in the reproduction of said portrait were to be entirely hand engraved; but the answer alleged that such was the agreement and that plaintiff had failed to perform that part of it. Plaintiff did not demur to the answer, but at the trial treated the issue thus raised as the main one to be tried, and in response thereto offered as its first witness Mrs. Lottie Gonzales, who was present at all times during the negotiations between the parties, for the purpose of establishing what the oral agreement was between the parties as to the type of the steel plates, but she testified on direct examination, in response to questions propounded by counsel then representing plaintiff, that plaintiff agreed to furnish

and use steel plates which would be entirely hand engraved. It will thus be seen that plaintiff is now complaining of the competency of the evidence which it introduced as a part of its case in chief, in response to an issue raised by an answer to which it did not demur; and defendants argue, therefore, that plaintiff is precluded from doing so, particularly for the first time on appeal. (*Kuhn* v. *Dickey,* 66 Cal. App. 227 [225 Pac. 867].) Whether or not that be so, we are of the opinion that the evidence was competent under the provisions of section 1856 of the Code of Civil Procedure. It is there provided in effect, among other things, that when the agreement has been reduced to writing the rule as to the exclusion of parol evidence "does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in section 1860, or to explain an extrinsic ambiguity. . . . " Here the evidence shows that there are various kinds and types of steel plates used in the reproduction of portraits, some being costly, such as those entirely hand engraved, while others are of a cheaper and inferior variety, such as those made partly by machine, and it further shows that the agreement between the parties was made with the distinct understanding that steel plates, entirely hand engraved, were to be used. Therefore, since the memorandum of agreement failed so to state, extrinsic evidence was admissible and, in fact, necessary to explain the ambiguity in the memorandum and to show what the parties intended thereby; and the evidence introduced in this behalf, having relation to a matter upon which the written memorandum was silent, and not being inconsistent therewith, cannot be said to contradict or vary the terms thereof. (*Sivers* v. *Sivers,* 97 Cal. 518 [32 Pac. 571].)

Moreover, it is well settled that section 1625 of the Civil Code relating to the merger and superseding of oral negotiations by a written instrument does not change the law as to parol evidence of the consideration of such instruments, and accordingly a person may show by such evidence want or failure of consideration in defense of an action on such written instrument. (6 Cal. Jur. 207, and cases cited.)

In the present case, therefore, the parol evidence introduced by plaintiff and to which it now objects was competent to be considered in determining whether, as defend-

ants claimed, the consideration for the execution of the second agreement, which called for the payment of an additional $1,000, was that plaintiff agreed to reproduce said portrait from steel plates entirely hand engraved, and whether such consideration had failed.

Plaintiff makes the further contention that, aside from the merits of points mentioned, defendants are nevertheless liable for the payment of the full contract price because the books were not returned. The evidence upon this point shows, however, that defendants never did accept the books; that some time after they arrived by express at the residence of Mrs. Wetherbee, following her death, they were removed to the city library, but by whom or at whose direction the evidence does not make clear. In any event, as stated in *Rathbun* v. *Security Mfg. Co.*, 82 Cal. App. 793 [256 Pac. 296], it is elementary that one party to a contract cannot compel another to perform while he himself is in default. (See, also, sec. 1439, Civ. Code; *Karales* v. *Los Angeles Creamery Co.*, 36 Cal. App. 171 [171 Pac. 821]; *Wood, Curtis & Co.* v. *Seurich*, 5 Cal. App. 252 [90 Pac. 51]; *San Francisco Commercial Agency* v. *Widemann*, 19 Cal. App. 209 [124 Pac. 1056].) Therefore, in the present case, plaintiff having failed to prove, as alleged in its complaint, that it had performed its part of the contract, was not entitled to enforce its terms against the other party thereto. If the judgment herein were founded upon a rescission of the contract, a different question would be presented, but such is not the case. The defense here rested upon the proposition that plaintiff had failed to perform its contract, and, consequently, no rescission was attempted or required. (*Wood, Curtis & Co.* v. *Seurich, supra.*)

In view of the conclusions we have reached upon the matters above discussed it becomes unnecessary to consider or determine the remaining contentions made by plaintiff, which relate to the question of plaintiff's corporate entity.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 26, 1930, and

a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1930.

All the Justices present concurred.