[Civ. No. 10194. Second Appellate District, Division Two.—June 25, 1935.]

M. S. ANDREWS, Respondent, v. C. C. HORTON et al., Appellants.

Walter F. Haas, H. C. Johnston, and Haight, Trippet & Syvertson for Appellants.

Derthick, Cusack & Ganahl, Herbert Ganahl, W. R. Law and August Weymann for Respondent.

CRAIL, J.—This is an appeal from a money judgment rendered against the defendants in their individual capacity for an indebtedness incurred on a contract entered into with the plaintiff's assignors (hereafter called the plaintiffs) by the said defendants nominally as trustees of the Bell View Oil Syndicate, a common law or so-called Massachusetts trust. The trial court found that the contract was entered into on behalf of the defendants in their individual capacity, and it is the first contention of the defendants on appeal that "the evidence is contrary to and does not justify the judgment".

The trust owned, and through a series of years developed, some oil land at Santa Fe Springs. Mr. Penn, an owner of one or more of the units in the trust, commenced a prior action in the superior court against the said defendants as trustees and as individuals alleging various charges of fraud, mismanagement, misappropriation of trust funds and refusal to declare dividends. An answer was filed and trial had, Judge Leon R. Yankwich presiding, and thereafter he prepared and filed a written memorandum of opinion in which

he held that the defendants as individuals should pay back to the trust $82,500 each, or a total of $247,500, being compensation overpaid to themselves as individuals by themselves as trustees, but absolving the defendants from all other charges in the complaint.

In that action the plaintiffs herein were the attorneys for plaintiff Penn. Before judgment was actually entered in the said action numerous conferences were held between the attorneys on both sides of the litigation, and finally an agreement was entered into which, when boiled down, provides as follows: Said case of *Penn et al.* v. *Horton et al.* will be fully compromised, settled and dismissed, upon the oil syndicate agreeing to declare a dividend of 100 per cent to all unit holders, and upon payment to the plaintiff's attorneys (plaintiffs herein) the sum of $24,000 in full of all services by them heretofore rendered or to be rendered up to and including the entry of judgment in an action for declaratory relief hereafter to be commenced. The oil syndicate will immediately commence an action for the following declaratory relief: (1) a judgment decreeing that the said trustees have heretofore fully and faithfully complied with all of the conditions of the trust; that said trustees (as individuals) are entitled to retain the several sums heretofore retained by them for compensation and expenses; (2) that the surplus remaining after payment of office expenses, salaries and overhead out of 10 per cent provided for in the declaration of trust shall constitute the compensation that said trustees are entitled to receive in the future without further accounting therefor; (3) confirming all that the said trustees have heretofore done including the settlement of said action of *Penn et al.* v. *Horton et al.* The attorneys for the plaintiff Penn (the plaintiffs herein) agree on their part (1) that they will neither directly nor indirectly represent any unit holder in contesting the said action so brought for declaratory relief; (2) that they will dismiss the action of *Penn et al.* v. *Horton et al.;* (3) that pending the trial and final judgment in said declaratory relief action no action will be filed or prosecuted by them either directly or indirectly against said syndicate and its trustees, either as such trustees or individually, for any cause or matter whatsoever. The said sum of $24,000 is to be paid as follows: $3,000 upon the acceptance of this offer of settlement;

$2,000 upon the filing of said action for declaratory relief; $19,000 twelve days after entry of judgment in said action for declaratory relief.

· After the signing of the above agreement the attorneys for the parties in the Penn case appeared before Judge Yankwich and after a proper showing obtained from the court a dismissal of said action with prejudice, and the action for declaratory relief was begun and prosecuted against all the unit holders.

In this action for declaratory relief certain unit holders, headed by Guy S. Riley, filed a cross-complaint against the oil syndicate, the three trustees, the said Penn, and his attorneys, the plaintiffs herein, as defendants therein, raising an issue by such cross-complaint as to whether or not the settlement of the Penn case was fraudulent and challenging the right of the syndicate and its trustees to pay any moneys thereunder out of the syndicate funds. Issue was joined by all the defendants on this cause of action, but in that proceeding no issue was raised as to the liability of the three trustees in their individual capacity to pay said sums for the services of the plaintiffs. In the said action for declaratory relief the court found and decreed that the trustees had authority to prosecute and defend suits on behalf of the trust, and as to the settlement of the Penn case decreed that the trust and the unit holders thereof suffered no damage and no detriment in the dismissal thereof and that the dismissal was an act legally done by the parties and their respective attorneys, and that as to the agreement for the payment of said fees to the attorneys for Penn (the plaintiffs herein) said agreement created no liability on the part of said oil syndicate, the trust estate, to pay said attorneys any sums of money whatsoever. The plaintiffs herein were parties to the cause of action set forth in the said cross-complaint along with the defendants herein, but they were not adverse to each other. All were defending against the allegations of Riley.

The defendants herein paid to the plaintiffs herein $5,000 out of their individual private funds, as distinguished from the funds of the trust, upon the $24,000 stipulated in the contract, but following the entry of the decree in the declaratory relief suit the defendants refused to pay the remaining $19,000, and thereupon the instant action was commenced, and

judgment was entered in favor of the plaintiffs in the full amount claimed, the court finding that the agreement heretofore set out was for the benefit of and executed by the defendants in their individual capacity and not for the benefit of the oil syndicate.

■ The defendants first contend that "the trustees as individuals are not parties to the contract, and there is no allegation or evidence that any promise was made by them as individuals". There is no merit in this contention. The defendants in their individual capacity were named as defendants in the complaint. The complaint contains an allegation that the defendants entered into said contract, and further that C. C. Horton, Hooper C. Dunbar and G. B. Morris (the defendants) had made the partial payments provided to be paid by the terms of said agreement. These allegations were admitted by the answer. In addition to the admissions there was substantial evidence to support the findings.

■ It is the defendants' next contention that the plaintiff's action was prematurely brought because of the provision in the contract settling the Penn case "that pending the trial and final judgment in said declaratory relief action, no action or actions will be filed by us, either directly or indirectly against said Syndicate, and its trustees, either as trustees or individually for any cause or matter whatsoever". In spite of this provision plaintiff's cause of action accrued upon the refusal of the defendants to pay the balance due as provided in the agreement "twelve days after the entry of judgment". "An agreement to forbear suit on an obligation for a limited time after it becomes due does not postpone its maturity or prevent an action thereon before the expiration of the time limited, the only remedy of the defendant in such case, being an action for breach of the agreement." (1 Cor. Jur. 1147.) And it is elementary that one party cannot compel another party to perform while he is himself in default under the contract. (*Rathbun* v. *Security Mfg. Co.*, 82 Cal. App. 793 [256 Pac. 296].)

■ The defendants next contend that under the terms of the contract the trustees are not personally liable as it clearly appears it was the contract of the trust and the parties looked to the trust funds for payment. It does not clearly so appear. The defendants as individuals did more than promise; they

*paid* in part. Furthermore, ''The law is clear that in the absence of an express or implied agreement with the creditor to the contrary, the trustees are personally liable on all contracts with third persons.'' (*Goldwater* v. *Oltman,* 210 Cal. 408, at p. 426 [292 Pac. 624, 71 A. L. R. 871].) In that case the trust was similar to the one herein and the following quotation from *Taylor* v. *Davis,* 110 U. S. 330 [4 Sup. Ct. 147, 28 L. Ed. 163], is used: ''A trustee is not an agent. An agent represents and acts for his principal. . . . When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. . . . He is personally bound by the contracts he makes as trustee, even when designating himself as such. . . . If a trustee contracting for the benefit of the trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate.''

It is the next contention of the defendants that the judgment in the declaratory relief suit holding that the contract created no liability on the part of said oil syndicate is conclusive upon the plaintiffs. The judgment in that action was not a judgment between the ''same'' parties hereto. It was between them both on one side and the cross-complainants on the other. (Code Civ. Proc., sec. 1910.) Under the pleadings in the declaratory relief action no judgment could have been entered between the defendants on the one hand and the plaintiffs herein on the other. As already stated, they were not adverse parties. ''It is also a general principle in the field of *res judicata* that parties to a judgment are not bound by it in a subsequent proceeding or controversy between them, unless they were adverse parties in the original action.'' (*Standard Oil Co.* v. *Mills Organization, Inc.,* 3 Cal. (2d) 128 [43 Pac. (2d) 797] ; *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8].)

Neither do we agree with the defendants in their final contention, first raised on this appeal, that to so construe the contract as to hold the defendants personally liable thereon makes the contract one against public policy. ''Public

policy'', it has been said, is a term of vague and uncertain meaning, and few cases can arise in which its application may not be disputed. (*Spence* v. *Harvey*, 22 Cal. 336 [83 Am. Dec. 69]; *Wells, Fargo & Co.* v. *Enright*, 127 Cal. 669 [60 Pac. 439, 49 L. R. A. 647].) ''The power of the courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt.'' (*Stephens* v. *Southern Pacific Co.*, 109 Cal. 86 [41 Pac. 783, 50 Am. St. Rep. 17, 29 L. R. A. 751].) The trial court in this and other proceedings directly or indirectly held that the contract was not contrary to the interests of the oil syndicate and that neither the oil syndicate nor any of the unit holders were caused any detriment by reason thereof. We will not enter into a discussion of such contention at so late a date in this proceeding where the purpose is that of reversing the judgment of the trial court.

Judgment affirmed.

Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 22, 1935.