[No. 15145. Department One. — March 11, 1893.]

# JOHN H. SIVERS, RESPONDENT, *v.* JOHN A. SIVERS ET AL., APPELLANTS.

PAROL EVIDENCE — WRITTEN CONTRACT TO PAY MONEY — ORAL AGREEMENT — TIME OF PAYMENT. — Where a written contract for the payment of money is silent as to the time for the payment, it is competent to prove by parol evidence that a period or event had been orally agreed upon between the parties at which payment should be made.

ID. — RULE AS TO PAROL EVIDENCE — CONTEMPORANEOUS ORAL AGREEMENT. — The rule excluding oral evidence affecting the terms of a written instrument does not apply when the parties have not incorporated into the instrument all of the terms of their agreement, and when the evidence offered or the oral agreement sought to be proved is not inconsistent with the terms embodied in the instrument, evidence of a contemporaneous oral agreement as to any matter upon which the instrument is silent, and which is not inconsistent with its terms,. cannot be said to contradict or vary the terms of the written instrument.

ID. — CONTRACT PAYABLE ON DEMAND — FINDING AS TO ORAL AGREEMENT. — Where a written contract for the payment of money fails to specify any time for its performance, the instrument becomes payable immediately upon demand for payment. Where such demand was made before the commencement of the action, and also in accordance with an oral understanding between the parties as to the time of payment, the fact that oral evidence was admitted to show, and the court found, that the defendants orally agreed, at the time of the execution of the contract, to pay the money whenever they should sell certain real estate therein described, and that such sale had been made prior to the plaintiff's demand, could not prejudice the defendants.

FORMER JUDGMENT — JUSTICE'S COURT — ORDER SUSTAINING DEMURRER — DISMISSAL WITHOUT PREJUDICE. — A decision or order of a justice of the peace sustaining a demurrer to a complaint does not constitute a judgment of that court, though so styled by the justice; and such decision or order is no bar to a subsequent action in the superior court. If a judgment had been thereafter entered upon such decision or order, it must have been that the action be dismissed without prejudice to a new action.

ID. — DISMISSAL BY PLAINTIFF — ENTRY OF JUDGMENT — FORMER ACTION PENDING. — Where the plaintiff filed a dismissal of the action in the justice's court after an adverse ruling upon demurrer to his complaint, the fact that no judgment of dismissal was entered therein cannot be considered in a subsequent action brought in the superior court, if the defense of a former action pending in the justice's court is not presented in the superior court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Rogers & Chilstrom,* for Appellants.

The demurrer was good, because, under the contract, the money was not due, and because the action is contrary to the provisions of the code. (Civ. Code, secs. 1625, 1698.) The judgment of the justice on the demurrer on the merits is a bar. (*Terry* v. *Hammonds,* 47 Cal. 35; *City of Los Angeles* v. *Mellus,* 58 Cal. 18; *Parnell* v. *Hahn,* 61 Cal. 132; cited in 86 Cal. 591; *Ferrea* v. *Chabot,* 63 Cal. 570; Bigelow on Estoppel, 45, 53, 54, 56; Wells on Res Adjudicata and Stare Decisis, sec. 448; Rice on Evidence, secs. 312, 313; Code Civ. Proc., secs. 1908, 1910, 1963; Herman on Estoppel and Res Adjudicata, secs. 271–274, 352.) The suit in the justice's court is still pending, no judgment of dismissal having been made. (Code Civ. Proc., sec. 890, subd. 3.)

*F. D. Brandon,* for Respondent.

The demurrer was properly overruled, as the obligation sued upon, being for the payment of money only, and the thing to be done being exactly ascertained, became due immediately. (Civ. Code, sec. 1657.) The court did not err in admitting oral evidence to show an additional agreement fixing the time of payment. (Code Civ. Proc., secs. 1856, 1860; Civ. Code, secs. 1636, 1640, 1642, 1643, 1647; *Pearson* v. *McCahill,* 23 Cal. 250; *Waugenheim* v. *Graham,* 39 Cal. 169; *Gibbs* v. *Ranard,* 86 Cal. 531; *Saunders* v. *Clark,* 29 Cal. 300.)

Harrison, J. — The defendants executed to the plaintiff the following instrument in consideration of the loan to them by the plaintiff of the sum of three hundred dollars: —

      "San Francisco, January 26, 1889.

"The undersigned agreement entered into between J. H. Sivers, of San Francisco, and John Sivers and Eliza Sivers, his wife, that the said John Sivers and Eliza Sivers do jointly and severally agree to pay to the said

John H. Sivers the sum of three hundred ($300) dollars advanced or loaned to us, or any further sum of money which he may loan to us at such time as circumstances may occur, — that is to say, that if in any event either of us should die, then the survivor shall assume the debt and pay it as if both were living, and we further agree that if the money or loan or moneys so advanced is not paid before the expiration of five years from the first day of January, 1889, last past, then we jointly or severally agree to give a mortgage to the said J. H. Sivers upon the land or property which we own or occupy, described as follows: Southeast quarter of section 4, in township 27 north, of range 6 west, Tehama County, California.

[Signed]                              "John Sivers.
                                      "Eliza Sivers."

The court finds as a conclusion of law "that no time of payment being specified in the obligation herein sued upon, the same became payable immediately upon the demand made by plaintiff for the payment thereof," and rendered judgment in favor of the plaintiff.

It is also alleged in the complaint and found by the court that at the time of the execution of the instrument it was agreed between the parties that the defendants should pay the sum named in the instrument whenever they should sell the real estate therein described, and that such sale had been made prior to the plaintiff's demand and the commencement of the action. This finding of the court was made upon oral testimony thereof, and the appellants contend that it was incompetent to show such agreement by such testimony, for the reason that the written instrument must be held to embrace all the terms of the agreement between the parties.

The instrument executed by the parties does not by any specific terms designate the time for its performance. That the provision for payment by the survivor in case one of the makers should die did not postpone the time for payment until that event is shown by the clause providing that in that event it is to be paid " as

if both were living," thus indicating that at some time both were liable to pay it; and the agreement for a mortgage if it was not paid within five years did not give to the makers five years in which to make payment, but created an additional obligation in favor of the plaintiff, which ceased to be operative upon their sale of the property to be mortgaged. The instrument, therefore, being silent in respect to the time for the payment of the money, it was competent for the plaintiff to show that a period or event had been agreed upon between the parties thereto at which the payment should be made, and such agreement could be shown by oral testimony. This evidence did not contradict or vary any of the terms contained in the instrument. The rule which excludes evidence affecting the terms of a written instrument does not apply when the parties have not incorporated into the instrument all of the terms of their agreement, and when the evidence offered or the agreement sought to be proved is not inconsistent with the terms embodied in the instrument. Evidence of a contemporaneous oral agreement as to any matter upon which the instrument is silent, and which is not inconsistent with its terms, cannot be said to contradict or vary the terms of the written instrument. (Wharton on Evidence, secs. 1015, 1026; *Guidery* v. *Green*, 95 Cal. 630.)

Inasmuch, therefore, as the instrument does not specify any time for its performance, the finding of the court that the money therein named became payable immediately upon the demand therefor was correct (Civ. Code, sec. 1657); and the further findings respecting the foregoing oral agreement did not prejudice the appellants. If the money was payable immediately upon demand, they were not prejudiced by the fact that the demand was not made until after they had sold the property, or by the fact that it had been agreed that a demand should not be made until after such sale.

The proceedings in the justice's court did not constitute a bar to this action. After the plaintiff had brought

his action in the justice's court upon the foregoing instrument, the defendants demurred thereto, and in sustaining their demurrer the justice "filed" his decision in the action, as follows: "The case came on to be heard before me on the twentieth day of October, 1891, on defendants' demurrer to the amended complaint, and submitted to the court without argument, and was taken under advisement until the 21st inst., at which time the court rendered judgment sustaining defendants' demurrer to the amended complaint. Stay two days." And thereafter, November 10, 1891, the plaintiff filed a dismissal of the action in that court. This action of the justice did not constitute a judgment of the court. There had been no trial upon the merits, and his action in sustaining the demurrer was but an order in regard to the sufficiency of the complaint, and not a judgment. A judgment is the final determination of the rights of the parties in an action or proceeding, whereas an order upon a demurrer is only a decision upon the correctness or sufficiency of practice in seeking to obtain a judgment. It may form the basis for rendering a judgment, but it is not itself a judgment. If a judgment had thereafter been entered upon that order, it must have been that the action be dismissed without prejudice to a new action. (Code Civ. Proc., sec. 890, subd 3.)

The position of the appellants that the suit in the justice's court is still pending, for the reason that no judgment of dismissal was entered therein, cannot be considered, since this defense was not presented in the court below.

The judgment and order are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.