[Civ. No. 2902.   First Appellate District, Division Two.—June 17, 1919.]

## FRANK D. HUDSON et al., Appellants, v. JOHN BARNESON, Respondent.

[1] CONTRACTS—AGREEMENTS IN WRITING—EVIDENCE OF OTHER NEGO-TIATIONS.—When the terms of an agreement have been reduced to writing, no evidence of other negotiations or terms is admissible.

[2] ID.—INCOMPLETE AGREEMENTS — ADMISSIBILITY OF PAROL EVI-DENCE.—Where a writing, though embodying an agreement, is manifestly incomplete, and is not intended by the parties ·to exhibit the whole agreement, such parts of the actual contract as are not embraced within its scope may be established by parol.

[3] ID.—ARCHITECT'S AGREEMENT—LIMITATION OF COST OF BUILDINGS —ADMISSIBILITY OF PAROL EVIDENCE TO SHOW.—An offer, in the form of a letter confirming a previous conversation in regard to the architectural work· on a proposed residence and a garage, to prepare all plans, specifications, and details and to superintend the erection of the buildings for a given per cent of the entire cost of the same, accepted by a letter confirming the same, does not constitute a complete contract so as to bind the owner to pay the agreed percentage upon whatever might be the cost of the buildings which the architects might plan; and in an action to recover such commission, parol evidence is admissible to show that the owner limited the cost of the building to a specific sum, and that he refused to proceed with the buildings when the estimated cost exceeded that sum.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sheldon Borden and George H. Moore for Appellants.

A. L. Weil and H. F. Shaw for Respondent.

HAVEN, J.—Appellants contend that the trial court erred in admitting, over their objection, certain parol evidence, which they claimed varied the terms of a written agreement between the parties. The defendant employed the plaintiffs as architects to prepare plans and specifica-

2. Supplementing written contract by proof of collateral oral agreement, notes, 2 Ann. Cas. 146; Ann. Cas. 1914A, 454.

tions for, and to superintend the construction of, a dwelling-house and garage. Upon their completion, plaintiffs sent the plans and specifications to the defendant and rendered him a bill reading as follows: "To architectural work on residence & garage at San Mateo, agreement five per cent on cost of buildings for plans, specifications and details now completed. Payment now due on account, $1500.00." Upon the receipt of such bill defendant wrote plaintiffs acknowledging the same, remitting one-half of the amount thereof, and raising questions as to the basis of plaintiffs' compensation. A few days thereafter one of the plaintiffs called upon the defendant, at which time a discussion was had concerning the terms of the employment. Four days after such interview plaintiffs wrote the defendant the following letter:

"September 28, 1916.

"Captain John Barneson,
    "310 Sansome Street,
        "San Francisco, Cal.
"Dear Sir:
    "In confirmation of our conversation of last Saturday, in regard to the architectural work on your proposed residence and garage in San Mateo, we agree to prepare all plans, specifications and details and also to superintend the erection of the buildings for a sum equal to seven per cent (7%) of the entire cost of the same. Necessary travelling expenses to be paid by you.
                    "Yours very truly,
                        "HUDSON & MUNSELL,
                        "Per FRANK D. HUDSON."

Shortly thereafter the defendant wrote the plaintiffs as follows:

"October 7, 1916.

"Messrs. Hudson & Munsell,
    "415 Stimson Block,
        "Los Angeles, Cal.
"Gentlemen:
    "I acknowledge receipt of your favor of September 28th and confirm same.
                    "Yours very truly,
                        "JOHN BARNESON."

Upon the trial oral evidence was admitted on behalf of defendant, the effect of which was to prove that the defendant had instructed plaintiffs when they were first employed, and subsequently during the time when the plans were in process of preparation, that the limit of cost of the proposed dwelling-house was to be twenty-five thousand dollars. Plaintiffs objected to this evidence upon the ground that it was an attempt to vary by parol evidence the terms of the agreement, which they claimed were entirely contained in the writings above referred to. The objection was overruled, the evidence admitted, and judgment rendered in favor of the defendant, from which plaintiffs appeal.

Plaintiffs alleged in their complaint that the defendant had constructed the garage at a cost of $5,448, and had refused to proceed with the construction of the dwelling-house and abandoned the construction of it; and "that it would have cost fifty-five thousand. dollars to have constructed said dwelling-house." The court found, in conformity with the defendant's testimony, that the reason he refused to proceed with the construction of the dwelling-house was the excessive cost thereof. The evidence of the defendant and members of his family supports the judgment of the trial court. The question involved in this appeal is whether such evidence was admissible. [1] Appellants rely upon the familiar rule that, when the terms of an agreement have been reduced to writing, no evidence of other negotiations or terms is admissible. (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856.) [2] Respondent, on the other hand, claims that the facts bring the case within the well-established exception to the above rule to the effect that, "where a writing, although embodying an agreement, is manifestly incomplete, and is not intended by the parties to exhibit the whole agreement, . . . such parts of the actual contract as are not embraced within its scope may be established by parol." (3 Jones' Commentaries on Evidence, sec. 440; *Sivers* v. *Sivers*, 97 Cal. 518, 521, [32 Pac. 571]; *Kreuzberger* v. *Wingfield*, 96 Cal. 251, 255, [31 Pac. 109]; *Williams* v. *Ashurst Oil etc. Co.*, 144 Cal. 619, 624, [78 Pac. 28].)

The test of the application of the general rule or its exception to a given case is the completeness or incomplete-

ness of the written contract; or, in other words, whether such contract contains all the terms of the agreement. With few exceptions, this question is to be determined from an inspection of the contract itself. In the leading case of *Harrison* v. *McCormick*, 89 Cal. 327, 330, [23 Am. St. Rep. 469, 26 Pac. 830, 831], which has been approved in many subsequent cases, it is said: "If it [the writing] imports on its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed."

[3] The question for determination is, therefore, whether the contract evidenced by the writings above referred to appears upon its face to embrace all the agreements of the parties, and this is to be determined from the language of the letter of September 26th from plaintiffs to defendant. Appellants contend that the confirmation of that letter by the defendant bound him to pay to the plaintiffs the agreed percentage upon whatever might be the entire estimated cost of any residence and garage which plaintiffs might plan. Respondent, on the other hand, insists that the amount to be paid plaintiffs could not be determined without a prior determination of the cost of the buildings, and as that cost was nowhere stated in the writings, it was an element of the contract omitted therefrom. In our opinion, the trial court did not err in construing the contract in accordance with respondent's contention. Disregarding the improvident nature of such a contract as appellants' construction would make of the one here involved, it is manifest that the plaintiffs' commissions could not be computed from the terms of the written contract alone. This shows its incompleteness. A necessary element of plaintiffs' cause of action was the cost of the buildings. Plaintiffs could not object to evidence on the part of defendant as to the amount of such cost upon the ground that the entire contract was included in the writings, while the necessities of their own case compelled them to adopt a like course to supply the same omitted portion of the contract. It can-

not be held, therefore, that the letter imports on its face to be a complete expression of the whole agreement.

It is further contended by appellants that the court erred in finding that the defendant directed the plaintiffs to prepare plans and specifications for a garage to cost not to exceed three thousand five hundred dollars to four thousand dollars, as that finding is entirely unsupported by the evidence and is contrary thereto. Conceding the correctness of this contention, it appears that the plaintiffs have been paid by the defendant the sum of one thousand five hundred dollars, which was more than sufficient to compensate them for their entire services in connection with the garage. The contract evidenced by the letter of September 28, 1916, covered services in connection with both the residence and garage. As the court found plaintiffs were not entitled to any compensation in connection with the residence, the payment made must be applied to the services rendered upon the garage, if plaintiffs were entitled to payment therefor. It does not appear, therefore, that appellants were prejudiced by this finding.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 14, 1919.

All the Justices concurred, except Wilbur, J., who was absent, and Shaw, J., who did not participate.