[Civ. No. 5543.  First Appellate District, Division Two.—March 24, 1926.]

## LEO AUSTIN, Appellant, v. A. H. BULLION, Respondent.

[1] LEASES—REFUSAL OF OWNER TO EXECUTE—ACTION FOR DAMAGES—CONTRACTS—DESCRIPTION—EVIDENCE—NONSUIT.—In an action by a prospective lessee for damages for the refusal by the owner to execute a lease to a certain store, the rejection from evidence of a written agreement between the parties for the lease, and the granting of a motion for a nonsuit, on the ground of the indefiniteness of the description of the property in the written agreement, was erroneous, where at the time of offering the written agreement in evidence the plaintiff also offered to prove, by competent witnesses, that contemporaneously with the execution of the agreement a definite plat was drawn showing the outline and boundaries of the property to be leased, and that the parties then agreed upon those boundaries and fixed them with absolute certainty.

(1) 27 C. J., p. 259, n. 52, p. 261, n. 66.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Daniel C. Deasy, Judge.  Reversed.

The facts are stated in the opinion of the court.

Albert I. Loeb for Appellant.

Walter E. Dorn for Respondent.

LANGDON, P. J.—Plaintiff appeals from a judgment against him in an action for damages for refusal to execute a lease to a certain store in San Francisco, California.

The contract forming the basis of the action is as follows:

"Received of Leo Austin the sum of four hundred ($400.00) Dollars being a deposit of the first month's rent to secure a lease of the center store at No. 220 Post Street, for a term of ten (10) years at a monthly rental of four hundred (400) dollars.

1.  See 10 Cal. Jur. 927.
        77 Cal. App.—17

"Said store is to have a frontage of 8 feet running back 22 feet and then widening out to ten feet for the balance of the depth which extends to rear street. Delivery of premises to be made any time when ready, but in no event to be later than Sept. 1st, 1921. Said premises to be used as a linen, silk and lace shop.

"Owner to install modern front and put the premises in good condition. Tenant agrees to deposit the sum of one thousand (1000) dollars with the owner to secure the lease; interest at the rate of four (4) per cent per annum to be allowed the tenant on said money.

"This deposit is accepted subject to the owner's approval, and if this proposition is not accepted by him, said deposit is to be returned and accepted by said Leo Austin when tendered.

                    "HARRIGAN, WEIDENMULLER CO.
                         "By L. A. WEIDENMULLER.

"The above proposition is accepted by me subject to the understanding that the lease is to contain all provisions protecting lessor's rights and interests as are customary in leases generally drawn by owners.

                    " (Signed)   A. H. BULLION."

[1] When plaintiff sought to introduce in evidence the foregoing instrument, it was objected to because of the indefiniteness of the description; the objection was sustained and later defendant's motion for nonsuit was granted.

The only point involved upon the appeal is as to the sufficiency of the contract between the parties. The trial court based its conclusion upon the case of *Rohan* v. *Proctor*, 61 Cal. App. 447 [214 Pac. 986]. In that case the uncertainty had reference to the beginning of the term of the lease. As stated in the opinion, this uncertainty arose primarily out of the fact that alterations and improvements were to be made by the landlord before the tenant could enter into the occupation and beneficial use of the premises, and that the writing did not contain a definite description of what said improvements were to consist of nor did it contain a fixed date when such improvements were to be completed. The court stated that the landlord, having agreed to make alterations and improvements in the premises for the tenant's uses, without specifying in the writing what those alterations and improvements were to consist of, the

uncertainty in that respect was one which might have been removed by oral evidence as to the kind and character of the alterations and improvements which were within the contemplation and understanding of the parties to the written agreement *at the time it was made.* The case was decided against the plaintiff upon the point that his pleading disclosed that there was no understanding and agreement between the parties upon this matter at the time the contract was entered into, but that such oral understanding and agreement was reached subsequently and was not a part of the original agreement.

The instant case is free from the objection pointed out in the case of *Rohan* v. *Proctor, supra,* for we find that at the time of offering the written instrument in evidence, the plaintiff also offered to prove, by competent witnesses, that contemporaneously with the execution of the agreement, a definite plat was drawn showing the outline and boundaries of the property to be leased, and that the parties then agreed upon those boundaries and fixed them with absolute certainty. This offer, assuredly, takes the case out of the operation of the rule applied in the case last cited and brings it clearly within the general rule announced therein.

Consequently, the refusal to receive the evidence of the written contract and the contemporaneous oral agreement clarifying the description of the property was error, as was the granting of the motion for a nonsuit and the judgment that followed.

The judgment is reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1926.

Waste, C. J., and Shenk, J., dissented.