[L. A. No. 14381. In Bank.—November 28, 1933.]

LOUIS N. CRAWFORD, Appellant, v. J. E. FRANCE, Respondent.

Shaeffer & Weldon for Appellant.

Preisker, Goble & Twitchell for Respondent.

THOMPSON, J.—This action was brought by an architect for a fee claimed to be due him under the terms of a written contract for professional services in connection with the construction of a hotel building. Judgment was rendered for the defendant and the plaintiff has appealed.

More specifically, the contract for the plaintiff's services provided:

"(1) That the Architect is to design a hotel building suitable for the needs of the Owner; is to furnish all necessary preliminary sketches and estimates of cost; is to furnish complete working drawings, specifications and details necessary for the construction of such a hotel building.

"(2) The Architect is to supervise all of the work committed to his control. The Architect is to carry all of the necessary administrative work required in the proper keeping of accounts, the issuance of certificates of payment and such superintendence of the work as is hereinafter mentioned.

"(3) The Architect is to keep an inspector acceptable to the Owner on the work during the pouring of concrete or the erection of masonry construction. The cost of such an inspector is to be paid by the Architect.

"(4) The Owner agrees that the Architect is to be paid for his services, the sum equal to six per cent of the cost of the work exclusive of the cost of the land, in installments as follows: $\frac{1}{5}$ of the total fee based upon the estimated cost, on acceptance of preliminary drawings and estimates of cost; on completion of working drawings exclusive of details, a sum sufficient to bring the total payments to $\frac{3}{5}$ of the total fee based on the estimated cost or upon the lowest reputable bids for construction; the balance, $\frac{2}{5}$, to be in installments as the work progresses."

There was a fifth paragraph which required the owner to pay for surveys and borings and to make prompt statements of his requirements and decisions relating to the conduct of the work.

The plaintiff prepared plans and specifications for a thirty-room hotel which the defendant admits were satisfactory to him. Thereafter bids for its construction were sought and the lowest bid received was something over $61,000. The defendant thereupon abandoned the project because of the excessive cost of construction and refused to pay the plaintiff on the theory that he had failed to perform his part of the contract in the preparation of plans suitable to the needs of the defendant. This action was commenced on the written contract for the sum of $1963.50, $\frac{3}{5}$ of the total fee based upon the lowest bid submitted, in accordance with the provisions of paragraph (4) of the contract.

The defendant's answer contained a general denial and, in addition thereto, affirmative allegations of the oral agreement of the plaintiff to prepare plans and specifications for a hotel building which would not cost over $45,000; that the plaintiff failed to design a hotel building "suitable to the needs of the owner" since one of the defendant's known needs was that the cost of construction should not exceed $45,000; and, predicating it upon these same facts, fraud in inducing the defendant to enter into the written contract.

At the trial defendant abandoned the defense of fraud "because proof constituting the elements of fraud was lacking", but the defendant was allowed by the trial court to

introduce parol evidence of the prior conversation, conduct and acts of the parties for the purpose of proving the parol agreement as to the cost of the building. It is the appellant's contention that this evidence was inadmissible except to substantiate the third affirmative defense of fraud, and that, after this defense had been abandoned, it could not properly be considered by either the court or the jury with respect to any of the remaining issues. It is urged as error that the trial court allowed the defendant to add by parol an *"entirely new, distinct and independent clause"* to the written contract. It is also urged that the defendant's failure to make an affirmative showing and ask for the reformation of the contract on the ground of mistake precluded the introduction of any evidence in support of the omitted clause of the contract.

The appellant further complains of numerous instructions, refusals to give instructions and changes made by the trial court in instructions offered by the plaintiff, which resulted in the jury's being told that they might find that plaintiff and defendant had orally agreed that the plans and specifications were to be prepared for a building, the cost of construction of which was not to exceed $45,000, and, if they further found that the plaintiff had failed to furnish such plans and specifications, the defendant would not be bound to accept the plans and that unless he did accept or make use of them he would not be liable for the plaintiff's services. One such instruction was as follows: "If you find that the plaintiff agreed to design a building so that the cost thereof should not exceed $45,000, there is the implied agreement that the architect cannot recover unless he performs his contract in this respect, and it is not necessary in order to produce this result that the parties should expressly agree that the architect should receive no pay in the event that he failed to perform this part of the agreement."

The one question to be determined upon this appeal is whether it was proper to permit defendant to show the oral agreement limiting the cost of construction. Its solution depends upon whether the case can be said to come within one of the recognized exceptions to the parol evidence rule upon which the appellant relies. ■ Although a contract has been reduced to writing by the parties, parol evidence is admissible to show fraud, accident or mistake, to show

the omitted portion of the contract where the writing is incomplete on its face, and to clear up an ambiguity or uncertainty. (*Ayers* v. *Southern Pac. R. R. Co.*, 173 Cal. 74, 81 [159 Pac. 144, L. R. A. 1917F, 949]; and see note, 70 A. L. R. 752, collecting cases.)

■ This evidence was offered to complete the written contract by adding a term which was obviously omitted and with which the appellant admittedly had not complied. The written contract was entirely silent as to cost of construction, the only subject which it covered with any degree of thoroughness being the architect's fees and the manner of their payment, which fees, however, could not be determined until the estimated cost was ascertained. "It has long been the rule that when parties have not incorporated into an instrument all of the terms of their contract evidence is admissible to prove the existence of a separate oral agreement as to any matter on which the document is silent and which is not inconsistent with its terms. . . . " (*Buckner* v. *Leon & Co.*, 204 Cal. 225, 227 [267 Pac. 693].) Where it appears upon the face of the writing that it is incomplete, parol evidence may be received for the purpose of supplying the missing matter. "If the writing does not show upon its face it was intended to express the whole agreement between the parties, parol evidence is admissible to show other conditions or explain latent ambiguities. (*Kreuzberger* v. *Wingfield*, 96 Cal. 255 [31 Pac. 109]; *Sivers* v. *Sivers*, 97 Cal. 521 [32 Pac. 571]; *Balfour* v. *Fresno Canal etc. Co.*, 109 Cal. 221 [41 Pac. 876].)" (*Williams* v. *Ashurst Oil etc. Co.*, 144 Cal. 619, 624 [78 Pac. 28]; *Stephan* v. *Lagerqvest*, 52 Cal. App. 519, 523 [199 Pac. 52]; *Hudson* v. *Barneson*, 41 Cal. App. 633 [183 Pac. 274].)

Despite the greater formality of the contract in this case, we consider that *Hudson* v. *Barneson, supra,* is determinative on the question of the completeness of this instrument for the purpose of excluding all oral agreements. The same question was there involved and it arose upon an almost identical set of facts, the contract being evidenced by correspondence between the parties. It was there said, page 636: "Appellants contend that the confirmation of that letter by the defendant bound him to pay to the plaintiffs the agreed percentage upon whatever might be the entire estimated cost of any residence and garage which

plaintiffs might plan. Respondent, on the other hand, insists that the amount to be paid plaintiffs could not be determined without a prior determination of the cost of the buildings, and as that cost was nowhere stated in the writings, it was an element of the contract omitted therefrom. In our opinion, the trial court did not err in construing the contract in accordance with respondent's contention. Disregarding the improvident nature of such a contract as appellants' construction would make of the one here involved, it is manifest that the plaintiffs' commissions could not be computed from the terms of the written contract alone. This shows its incompleteness. A necessary element of plaintiffs' cause of action was the cost of the buildings. Plaintiffs could not object to evidence on the part of defendant as to the amount of such cost upon the ground that the entire contract was included in the writings, while the necessities of their own case compelled them to adopt a like course to supply the same omitted portion of the contract. It cannot be held, therefore, that the letter imports on its face to be a complete expression of the whole agreement.''

In addition it is to be noted that there exists an uncertainty upon the face of the contract. In paragraph (1) it is provided that ''the Architect is to design a hotel building suitable for the needs of the Owner''. Those needs are in no way described in the written contract. Obviously there must have been some discussion and agreement as to the size, type and style of the building to be planned and erected, and the cost of construction must almost necessarily have been inseparably connected with any discussion of such questions. This is such an uncertainty as may be cleared up by parol evidence as to the nature and character of the building which, within the contemplation and understanding of the parties at the time of the execution of the written contract, would be ''suitable for the needs of the Owner''. That its cost was a material factor seems to me to admit of no doubt. In *Blahnik* v. *Small Farms Improvement Co.*, 181 Cal. 379 [184 Pac. 661], the contract, for the purchase and sale of a piece of realty, provided: ''The seller agrees that it will have the roads in said subdivision 'R' constructed during the fall of 1913 after the rains or when the ground is able to be worked. And construct the

necessary bridges." The action was for rescission and recovery of the cash payment for failure of the vendor to construct the roads referred to in the contract. Some bridges and approaches having been constructed before the attempted rescission, the issue was the performance of the vendor. With regard to the exclusion by the trial court of conversations had between the parties before and at the time of the execution of the contract and offered for the purpose of showing the real agreement of the parties in that respect, the court said, page 382: "This ruling was erroneous. The contract was altogether silent in regard to the character and kind of work that was to be done upon the roads. If there was any agreement on that subject, or any plan relating thereto adopted by defendant and acquiesced in by the plaintiffs, it was not set forth in the contract. So far as appears it was in parol only. Such an agreement would be collateral and supplemental to the contract contained in the writing, and, as parol evidence thereof would not be inconsistent with the contract and would not alter it in any respect, evidence thereof would be admissible if material to the issues. (*Sivers* v. *Sivers*, 97 Cal. 521 [32 Pac. 571]; *Daly* v. *Ruddell*, 137 Cal. 676 [70 Pac. 784]; 17 Cyc. 741.)" In *Rohan* v. *Proctor*, 61 Cal. App. 447 [214 Pac. 986], where the lease provided that alterations were to be made before the tenant should enter but did not contain a definite description of what the improvements were to consist or a definite date for their completion, and so was uncertain as to the time when the term was to begin, it was held that this was such an uncertainty as could be cleared up by parol evidence as to the kind and character of alterations and improvements within the understanding and contemplation of the parties at the time of the execution of the contract. However, the complaint therein expressly alleged that the agreement with regard to the nature of the changes to be made in the premises was arrived at subsequent to the execution of the contract. (See, also, *Austin* v. *Bullion*, 77 Cal. App. 257 [246 Pac. 151]; *Lewis Publishing Co.* v. *Henderson*, 103 Cal. App. 425 [284 Pac. 713].) We consequently conclude that there was no error in the admission by the trial court of the testimony complained of and that such evidence was relevant to the issue of the appellant's performance.

Appellant's contention that the respondent should have sought affirmative relief through reformation of the contract for mutual mistake is beside the point, since it was never urged that the written contract was not in accordance with the real agreement of the parties, but rather that the whole of the agreement was not reduced to writing.

The judgment is affirmed.

Curtis, J., Preston, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.