[Civ. No. 11547. Second Appellate District, Division One.—October 10, 1938.]

SUMNER SPAULDING, Respondent, v. LEE W. PARDRIDGE, Appellant.

Bettlin, Painter & Wait and Conant Wait for Appellant.

Newlin & Ashburn, Paul Sandmeyer and Ray J. Coleman for Respondent.

DORAN, J.—Plaintiff, a certified architect, brought the within action to recover compensation for architectural services performed for defendant in the preparation of plans and specifications for a dwelling. The first two counts of the complaint are based on a written contract between the parties and the third count is on a *quantum meruit.* Trial was had before the court without a jury and plaintiff recovered judgment, from which defendant appeals. The written contract was as follows:

"April 12, 1935.

"Mr. L. W. Pardridge,
    "Los Angeles, California.

"Dear Mr. Pardridge:

"In order that you may understand our method of procedure for rendering architectural services, and payment for same, I submit to you the following schedule. These rates are established here by the Southern California Chapter of the American Institute of Architects.

"For residence work located in the Los Angeles area the fee is ten (10%) per cent of the total cost of the building, payable in the following order: Three (3%) per cent of the estimated cost upon the approval of the preliminary drawings; four (4%) per cent when working drawings are completed; one and one-half (1½%) per cent when plastering is finished; and the remainder when Notice of Completion is signed.

"For your information, our work covers the following detailed services:

"Preliminary sketches including colored perspectives. Working drawings covering all work.

"Specifications of same.

"Scale and full-size details.

"Superintendence and sufficient conferences with owner to insure a satisfactory building. This superintendence covers selection of material, colors, etc.

"In regard to the cost of the building, we will endeavor to prepare for you a budget which will come within your appropriation. This budget will have sufficient elasticity to permit the addition or omission of various materials or items. I wish frankly to state that an architect can in no way guarantee the cost of the building until the drawings and specifications are completed and figured by a reliable contractor.

"Trusting that you will find the services of this office satisfactory at all times, I remain

"Yours very truly,

"SUMNER SPAULDING.

"Approved:

"By LEE W. PARDRIDGE

"Dated Fri. April 12th/35.

"SS :S"

■ Plaintiff prepared the plans and specifications for which appellant had paid $900 on account, when further work on the project was discontinued. It is claimed by appellant that progress of the plan was terminated because it was discovered that the house or dwelling would cost $60,880, whereas the terms of the agreement provided that the dwelling was not to exceed in cost the sum of thirty to thirty-five thousand dollars. In this connection it was contended by appellant at the trial that the plaintiff, having been employed to render architectural services for a house not to exceed in cost the sum of thirty to thirty-five thousand dollars and having failed to do so, cannot recover for services. It should be noted that the memorandum of the agreement between the parties makes no reference to the cost of the building except in the following words: "In regard to the cost of the building, we will endeavor to prepare for you a budget which will come within your appropriation." Oral evidence therefore was received, and properly so, in support of appellant's contention in this regard. (*Hudson* v. *Barneson*, 41 Cal. App. 633 [183 Pac. 274]; *Crawford* v. *France*, 219 Cal. 439 [27 Pac. (2d) 645].) ■ The testimony of plaintiff and defendant was in direct conflict on this issue, in connection with which the court found as a fact that there was no agreement between the parties as to cost. The court further

found that the increase in cost of the proposed building was entirely due to the changes made and approved by appellant.

■ Other contentions urged by appellant, namely, that the relation between plaintiff and defendant was that of a trustee and beneficiary and that plaintiff was charged with all of the duties of that relationship; that plaintiff was guilty of fraud; that plaintiff failed to perform according to the standards of his profession; and that plaintiff was knowingly responsible for the increase in the cost of the building, are false or irrelevant issues, and lacking support in the record, are unimportant. As pointed out by respondent, the sole question involved in the appeal is whether there is evidence to support the findings. In that regard and without going into further detail it is sufficient to state that the findings are abundantly supported by the evidence.

There being no errors in the record, the judgment appealed from is affirmed.

York, P. J., and White, J., concurred.