[Civ. No. 17306. First Dist., Div. Two. Sept. 10, 1957.]

JAMES R. DILLON, Respondent, v. WILLIAM A. SUMNER, Appellant.

Hancock, Elkington & Rothert for Appellant.

Hilary H. Crawford and Hilary H. Crawford, Jr., for Respondent.

DOOLING, J.—Defendant appeals from a summary judgment for the sum of $4,062.20, together with interest and costs, entered against him pursuant to section 437c of the Code of Civil Procedure. He also appeals from the order striking his answer and counterclaim.

Both parties to this action were physicians. Plaintiff sued to recover the sum of $3,930.20 alleged to be due on a written contract. In the contract, set out in the complaint, plaintiff agreed to sell and defendant agreed to purchase the medical equipment and personal property owned by plaintiff in suite 306 at 490 Post Street, San Francisco. The price was $10,000 to be paid $5,000 upon execution of the agreement and the balance in installments. Defendant had moved into suite 306 on January 1, 1951, and the contract called for equal sharing of the office expenses for that year. Upon receipt by the plaintiff of the original payment of $5,000 the contract provided the medical equipment and personal property was to be owned equally by both parties. On December 31, 1951, ownership of the medical equipment and personal property was to vest in defendant alone and plaintiff agreed to execute a bill of sale at that time and also to transfer any right he might have as lessee of suite 306.

Plaintiff admitted receiving $5,000 on January 1, 1951, and $1,079.70 on January 22, 1952, but alleged that the remainder, $3,930.20, was never paid. A second count in plaintiff's complaint was for $132, half the office rent for December 1951.

The answer and counterclaim admitted the terms of the written contract as set out by plaintiff, but alleged that the contract was partly oral and that plaintiff had agreed to retire at the end of the year 1951. In addition plaintiff was alleged to have agreed to transfer all his interest in his medical practice. Defendant in consideration of all these promises agreed to pay the $10,000 in the manner set out in the written contract. It was further alleged that plaintiff breached the agreement by (1) removing office records, (2) disconnecting the office telephone, (3) continuing to practice after December 31, 1951, at another location in the same building and (4) not transferring his practice to defendant or advising his patients to receive treatment from defendant.

Defendant also set out a cause of action for fraud in that plaintiff knowingly and intentionally misrepresented his intention to retire and orally promised to transfer his practice without any intention to perform the same. Plaintiff moved for a summary judgment on the ground that the counterclaim did not state a cause of action and the answer stated no defense. A motion also was made to strike the answer and counterclaim from the files. Both motions were granted and plaintiff was awarded the amount sued for.

The matter was heard on conflicting affidavits, those for the appellant stating that respondent had represented that he intended to retire from practice on December 31, 1951, and had orally promised to transfer his practice to appellant at that time, that at the time he made this statement and promise he had no intention of performing them, and that they were omitted from the written contract at his request because he stated that he did not want it known that he planned to retire while he was continuing in practice. Appellant's affidavit further alleged that in entering into the contract he relied on these statements and promises.

The basic question is whether, under the parol evidence rule, appellant might prove all or any part of these matters.

The appellant's affidavits make it clear that the provision for the inclusion of the transfer of his practice from respondent to appellant was deliberately and intentionally omitted from the written contract with appellant's full acquiescence. The written contract which appellant freely

signed with knowledge of the omission of this provision is properly subject to the parol evidence rule. ■ The rule is one of substantive law and where the contract of the parties has been reduced to writing prohibits evidence of a contemporaneous oral agreement which contradicts or varies the terms of the formal written contract. "Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself. The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations . . . are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations." (*Estate of Gaines*, 15 Cal.2d 255, 265 [100 P.2d 1055].) ■ The rule is subject to an exception, relied upon by appellant, that it ". . . has no application to a collateral agreement upon which the instrument is silent, and which does not purport to affect the terms of the instrument." (*Savings Bank of So. Calif.* v. *Asbury*, 117 Cal. 96, 103 [48 P. 1081]; 18 Cal.Jur.2d, Evidence, § 266, p. 750.) The rule, with its exception, may at times be difficult of application, but we find no such difficulty in this case. ■ By the written agreement respondent has bound himself to transfer certain designated things: medical equipment and personal property specifically described in an inventory attached to the contract, and his rights as lessee in a described suite of offices, all for the sum of $10,000. Appellant offers to prove that in addition respondent by a contemporaneous oral agreement promised to transfer his practice to appellant for the same consideration. This cannot properly be held to be "a collateral agreement . . . which does not purport to affect the terms of the instrument." If this could be done then every written contract of sale, no matter how carefully and specifically it described the property to be sold, could be varied by proof that the seller orally agreed to convey additional property not described in the written contract. A written agreement to sell a horse for $100 could be varied by evidence that the seller had also orally agreed to transfer a cow, or contract to purchase 1,000 tons of coal could be varied by showing an oral agreement to deliver a bonus of 100 tons additional for the same consideration.

■ A different question is presented by the appellant's answer and counterclaim for damages based on promissory fraud. His affidavit offers proof that in addition to re-

spondent's oral agreement to transfer his practice to appellant, respondent "stated . . . that it was his intention to retire from the active practice of medicine and that at that time and relying upon that understanding your affiant entered into the oral and written agreements with the plaintiff . . . At the time of the entry into the oral and written agreements the plaintiff agreed that on December 31, 1951, he would retire from the practice of medicine . . . The plaintiff at the time the parties entered into said agreements, in fact, did not intend to retire from practice . . . Your affiant relied upon the representations of the plaintiff of his intent to retire . . ."

These allegations are sufficient to establish promissory fraud. (*Union Flower Market* v. *Southern Calif. Flower Market,* 10 Cal.2d 671, 676 [76 P.2d 503].) ■ In *Simmons* v. *California Institute of Technology,* 34 Cal.2d 264 at page 274 [209 P.2d 581], the court had the following to say as to the circumstances under which the parol evidence rule would and would not prevent the proof of a promissory fraud:

"It is clear that 'where the execution of a contract has been induced by a promise made without any intention of performing it, this constitutes such fraud in obtaining the contract that it may be declared null and void' but that 'a distinction must be made between . . . a parol promise . . . , which by its very nature is superseded by the final writing, inconsistent with it, and a promise made with no intention of performing the same, not inconsistent with the writing, but which was the inducing cause thereof.' " In that case it was held proper to prove a fraudulent oral promise to use for a specific purpose the moneys received as royalties under the written contract. ■ The promise of respondent to retire from practice, which is alleged in the affidavit as an inducing cause for entering into the written contract, may properly be said to be collateral to and not inconsistent with the written contract for the sale of personal property and the interest in a lease. While the appellant under the rule of the last cited case may not, because of the parol evidence rule, prove or rely on the respondent's oral agreement to transfer his practice as a promissory fraud, it was error to deny him the right to rely on the promise to retire from practice for that purpose. ■ Proof of one material fraudulent representation is sufficient. (*Weissbaum* v. *Eibeshutz,* 211 Cal. 170, 174 [294 P. 396] ; 23 Cal.Jur.2d, Fraud and Deceit, § 83, pp. 210-211.)

■ Respondent argues that the affidavit of appellant is

insufficient in that it does not show affirmatively that if sworn as a witness he can testify competently to the facts stated therein. (Code Civ. Proc., § 437c.) The affidavit recites that the facts are within the personal knowledge of appellant and that he will testify to them as a witness. This sufficiently shows that he can testify competently to them. (*Schessler* v. *Keck*, 138 Cal.App.2d 663, 670 [292 P.2d 314].)

Respondent's claim that appellant waived his defense of fraud by making a payment under the contract after he knew that respondent was continuing in practice beyond the time when he had promised to retire confuses the right of rescission with the right to stand on the contract and seek a setoff by way of damages.

██ "When a party learns that he has been defrauded, he may, instead of rescinding, elect to stand on the contract and sue for damages, and in such case his continued performance of the agreement does not constitute a waiver of his action for damages." (*Bagdasarian* v. *Gragnon*, 31 Cal.2d 744, 750 [192 P.2d 935].) ██ Likewise the statute of limitations cannot be urged against a setoff or cross-demand pleaded as a defense. (*Jones* v. *Mortimer*, 28 Cal.2d 627, 632-633 [170 P.2d 893]; *Sunrise Produce Co.* v. *Malovich*, 101 Cal.App.2d 520, 522-525 [225 P.2d 973]; *O'Keefe* v. *Aptos Land & Water Co.*, 134 Cal.App.2d 772, 780 [286 P.2d 417].)

██ Finally it is argued that the promise to retire was not limited as to area and hence is unenforceable. Whether legally enforceable or not is immaterial on the question of fraud. If respondent had said that he intended to go to live in another state with no intention of doing so and appellant had relied on that fraudulent statement of intention it would be equally unenforceable and would equally constitute a promissory fraud. If necessary, however, such promises, if too general in terms, are nevertheless enforced within the allowable territory. (*Edwards* v. *Mullin*, 220 Cal. 379 [30 P.2d 997]; *Mahlstedt* v. *Fugit*, 79 Cal.App.2d 562, 566 [180 P.2d 777].)

The judgment and order striking defendant's answer and counterclaim are reversed.

Kaufman, P. J., and Draper, J., concurred.