[Civ. No. 19256. First Dist., Div. Two. May 17, 1961.]

GLADYS SPURGEON, Plaintiff and Respondent, v. JACK BUCHTER, Defendant and Appellant.

JACK BUCHTER, Plaintiff and Appellant, v. GLADYS SPURGEON, Defendant and Respondent.

(Consolidated Cases.)

200

Robert S. Thaman for Appellant.

Cornish & Cornish for Respondent.

KAUFMAN, P. J.—This is an appeal from a judgment in two consolidated actions.

The facts as found by the court below are as follows: On or about April 15, 1957, Gladys L. Spurgeon [hereafter referred to as respondent], and Jack Buchter [hereafter referred to as appellant], an architect, entered into an oral agreement on the following terms: the appellant was to design and prepare plans for the construction of an apartment building on respondent's property at the end of View Street in the city of Oakland, County of Alameda, State of California; the total cost of the building, including the architect's fees, was not to exceed $175,000; the apartments were to be rentable for an amount not to exceed $125 per month and afford the respondent a return on her investment. Respondent paid the appellant

$5,000 pursuant to the said oral agreement. Thereafter, appellant purported to reduce said agreement to writing for the purpose of evidencing the oral agreement. The parties executed and delivered each to the other an instrument in writing, which contained the following provision:

"WITNESSETH, that whereas the Owner intends to erect a twenty four unit apartment building to be located at the end of View Street, Portion of Lots 13 and 14, Block P, Oakland, California, hereinafter called the Work, . . . The Architect agrees to perform, for the above-named Work, professional services as hereinafter set forth. The Owner agrees to pay the Architect for such services a fee of 7% per cent of the cost of the Work . . . If no supervision is desired, the fee will be 20% less or 5.6%."

At the time of the execution of the written agreement, it was orally understood and agreed by the parties, that the written agreement was intended to and did accurately relate all of the terms of the oral agreement and did not vary therefrom.

After receiving the $5,000, the appellant did not prepare or submit plans for a twenty four unit apartment building which could be built in accordance with the cost and rental terms of the oral agreement. Instead, the appellant prepared and submitted plans for an apartment building which could not be constructed for less than $225,000, requiring rentals of not less than $160 per month in order to yield a return on the respondent's investment. Thereafter, about November 27, 1957, respondent demanded return of her $5,000. Appellant refused and claimed to be entitled to an additional $7,320.

Although the written agreement contained an arbitration clause, both parties waived this provision and filed suit. On June 6, 1958, respondent filed her complaint in action No. 290487, alleging the oral agreement and demanding return of her $5,000. On June 12, 1958, appellant filed his complaint in action No. 290627, alleging the written agreement and demanded the balance of $7,320 [5.6% of $220,000] for services rendered pursuant thereto. By stipulation, the two actions were consolidated and tried by the court without a jury.

The trial court found the facts as stated above, and further found: that the above quoted language of the written agreement was ambiguous and uncertain, and did not clearly express the oral agreement in that the size, cost and revenue to be derived from the building when completed were not expressed

therein; that by the use of the words "a twenty four unit apartment building," the parties intended a building which could be built at a total cost of $175,000, including the architect's fees, in which the apartments would be rentable for an amount not to exceed $125 per month, and still pay the owner a return on the investment. The court also found that the appellant had rendered services to the respondent with respect to the View Street property, by appearing before the Planning Commission of the City of Oakland in order to secure a building permit, but that said services were not included, or intended to be included, by the parties in the aforesaid oral agreement, or the written agreement, so that the right of the appellant to recover for these services was not litigated or tried in the instant proceedings.

The court concluded that the respondent was entitled to recover $5,000 in her action [No. 290487]; that the appellant was not entitled to recover anything in his action [No. 290627]; and entered judgment accordingly. The judgment specified that it was without prejudice to appellant's right to commence an independent action to recover for services rendered not included in either the oral or written agreements [i.e., the services relating to the building permit]. On this appeal, it is argued that: (1) the trial court erred in admitting evidence of the oral agreement relating to maximum costs and anticipated monthly rentals; (2) the findings of fact relating to the oral agreement are not supported by the evidence; (3) the trial court erred in allowing the respondent to recover her total $5,000 as the appellant had performed services for her, and his so-called independent right to recover for these services was barred by the statute of limitations (Code Civ. Proc., § 339).

The first question on appeal is whether it was proper to permit the respondent to show the oral agreement limiting the cost of construction to $175,000, including the appellant's fee. Appellant argues that the evidence was erroneously admitted, as when parties have embodied the terms of an agreement in writing, that writing becomes the contract of the parties and it may not be varied or supplemented by evidence of prior or contemporaneous negotiations of the parties (Code Civ. Proc., § 1856; Civ. Code, § 1625; *Estate of Gaines*, 15 Cal.2d 255, 264-265 [100 P.2d 1055]; *Hale* v. *Bohannon*, 38 Cal.2d 458, 465 [241 P.2d 4].)

This rule comes into operation when there is a single and final memorial of the understanding of the parties, or,

as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations. (*Estate of Gaines, supra*; *Dillon* v. *Sumner*, 153 Cal.App.2d 639, 643 [315 P.2d 84].) However, the rule is not calculated to, nor does it in practice, exert any compulsion upon the parties to put their entire understanding in writing (*Lande* v. *Southern Calif. Freight Lines*, 85 Cal.App.2d 416, 420 [193 P.2d 144]), and does not, therefore, render inadmissible proof of contemporaneous oral agreements collateral to, and not inconsistent with, a written contract where the latter is either incomplete or silent on the subject, and the circumstances justify an inference that it was not intended to constitute a final inclusive statement of the transaction (*Crawford* v. *France*, 219 Cal. 439, 443-445 [27 P.2d 645] ; *Weil* v. *California Bank*, 219 Cal. 538 [27 P.2d 904] ; *Van Slyke* v. *Broadway Ins. Co.*, 115 Cal. 644, 647 [47 P. 689, 928] ).

■ As recently stated by our Supreme Court in *American Industrial Sales Corp.* v. *Airscope, Inc.*, 44 Cal.2d 393, 397 [282 P.2d 504, 49 A.L.R.2d 1344] : " 'It has long been the rule that when the parties have not incorporated into an instrument all of the terms of their contract evidence is admissible to prove the existence of a separate oral agreement as to *any matter on which the document is silent and which is not inconsistent with its terms.*' (Emphasis added.) This exception to the application of the parol evidence rule has been employed in a wide variety of situations to permit proof of a contemporaneous oral agreement where the writing involved was *silent* as to one element of the contract . . .'' (*Mangini* v. *Wolfschmidt, Ltd.*, 165 Cal.App.2d 192, 198-199 [331 P.2d 728].)

The test of the application of the general rule or its exception to a given case is the completeness or incompleteness of the written contract; or, in other words, whether such contract contains all the terms of the agreement. With few exceptions, this question is to be determined from an inspection of the contract itself. ■ If the writing imports on its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed (*Harrison* v. *McCormick*, 89 Cal.

327, 330 [26 P. 830, 23 Am.St.Rep. 469] ; *Hudson* v. *Barneson,* 41 Cal.App. 633 [183 P. 274]).

The question for determination is, therefore, whether the contract evidenced by the writings above referred to appears upon its face to embrace all the agreements of the parties. This question is substantially like that presented in *Crawford* v. *France,* 219 Cal. 439, 443 [27 P.2d 645], wherein an architect agreed to construct "a hotel building suitable for the needs of the owner." In determining the precise question here presented, the Supreme Court said at page 443:

"This evidence was offered to complete the written contract by adding a term which was obviously omitted and with which the appellant admittedly had not complied. The written contract was entirely silent as to cost of construction, the only subject which it covered with any degree of thoroughness being the architect's fees and the matter of their payment, which fees, however, could not be determined until the estimated cost was ascertained . . ." and then citing *Hudson* v. *Barneson, supra,* concluded that evidence was admissible to show that the parties had agreed that the cost of construction was not to exceed $45,000. *Hudson* v. *Barneson,* like the instant case, also involved a dispute between an architect and his client. The appellant there, like the appellant here, argued that under the contract, which like the contract here, stated that the architect was to be paid 7 per cent of the cost of the work, he was entitled to the agreed percentage upon whatever the cost of the building he might design. In rejecting this contention, the court said at pages 636 and 637:

". . . Disregarding the improvident nature of such a contract as appellants' construction would make of the one here involved, it is manifest that the plaintiffs' commissions could not be computed from the terms of the written contract alone. This shows its incompleteness. A necessary element of plaintiffs' cause of action was the cost of the buildings. Plaintiffs could not object to evidence on the part of defendant as to the amount of such cost upon the ground that the entire contract was included in the writings, while the necessities of their own case compelled them to adopt a like course to supply the same omitted portion of the contract. It cannot be held, therefore, that the letter imports on its face to be a complete expression of the whole agreement."

We think the above rules are clearly applicable in this case, particularly since the uncontroverted evidence showed that

there would be no competitive bidding on the construction of the building as the respondent had specified that R. Eoff was to be her contractor. We conclude, therefore, that the evidence relating to the oral agreement as to maximum costs and anticipated monthly rentals was properly admitted.

The second argument on appeal is that the evidence is insufficient to support the trial court's findings as to the terms of the oral agreement. We have examined the entire record [including the appellant's deposition, which constituted his entire case below, and which he did not see fit to include in the record on appeal and which we included on our motion], and are of the opinion that there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgment in favor of the respondent was predicated. Appellant argues that only respondent's testimony supports the finding and that in any event, respondent had knowledge of the additional cost factors, both through her own knowledge and that of her agent Eoff. ▮ However, it is the duty of the trial court to pass upon the credibility of the witnesses and to determine the weight to be given their testimony. [▮ In evaluating the testimony, the trial court is entitled to take into account the motive of the witness and his interest in the outcome of the case (*Howard Homes, Inc.* v. *Guttman,* 190 Cal.App.2d 526, 533 [12 Cal.Rptr. 244]). ▮ Conflicts in the evidence are for the trier of fact. ▮ The appellate court must accept as established all facts and all inferences favorable to respondent which find substantial support in the evidence. ▮ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court (*Minton* v. *Kraft,* *(Cal.App.) 12 Cal.Rptr. 86).

The final argument on appeal is that the trial court erred in allowing respondent to recover $5,000, as the appellant had performed services for her, and any independent right of the appellant to recover for services rendered was already barred by the statute of limitations [section 339, Code of Civil Procedure] at the time when the judgment was entered on September 4, 1959. In the instant case, the appellant based his

---

*A hearing was granted by the Supreme Court on May 16, 1961. The final opinion of that court is reported in 56 Cal.2d —— [15 Cal. Rptr. 641, 364 P.2d 473], entitled *Minton* v. *Cavaney.*

complaint entirely on the written agreement, and did not mention his services before the planning commission, which preceded the written agreement. In his answer to respondent's complaint, appellant also relied completely on the written agreement and made no counterclaim.† When the respondent, on the authority of *Rowell* v. *Crow,* 93 Cal.App.2d 500 [209 P.2d 149], attempted to prove that appellant's plans were of no value to her, the court sustained appellant's objection as follows:

"The Court: Well, I think for the purpose of deciding the issue, the real issue that is before the Court here, the question of whether or not the plans were ever utilized afterwards, by this party or anybody else would be immaterial, as I see it now. So I will sustain the objection on that ground to that line of questioning."

The trial court specifically found that the appellant's services before the planning commission were not intended to be included in the written agreement.

In *Rowell* v. *Crow,* 93 Cal.App.2d 500 [209 P.2d 149], the appellant architect brought an action to recover for professional services rendered; the trial court found in favor of the respondents on the ground that the oral agreement alleged by the appellant was subject to a condition that the plans would be so drawn that the building not cost more than $250,000. In rejecting a point similar to the one raised here, the court said at page 503:

"The fourth point raised by appellant is that since he alleged a second cause of action for the same services based on *quantum meruit* and the court found that his services in preparing the plans and specifications and in placing and receiving the bids were reasonably worth the sum sued for, he is entitled to recover on that count. But, the court further found that 'defendants received no benefit whatever from the services of the plaintiff'; . . . and that 'neither of the defendants ever promised or agreed to pay the plaintiff any amount whatever for his services except upon the sole condition that . . . plaintiff should prepare plans and specifications for a building which could under the conditions actually existing be constructed at a cost not exceeding the sum of $250,000.00.'

---

†Although the issue has not been raised by the parties, it would appear that the appellant's claim for services rendered before the planning commission is also barred by section 438 of the Code of Civil Procedure (*Datta* v. *Staab,* 173 Cal.App.2d 613 [343 P.2d 977]; *Alston* v. *Goodwin,* 174 Cal.App.2d 16 [343 P.2d 993]). .

"Recovery on *quantum meruit* is based upon benefit accepted or derived for which the law implies a contract to pay. Where no benefit is accepted or derived there is nothing from which such contract can be implied . . ."

As the appellant in the instant case excluded the evidence relating to the value of his service, he cannot now complain of the error thus invited (*Watenpaugh* v. *State Teachers' Retirement System*, 51 Cal.2d 675, 680 [336 P.2d 165]).

The record on appeal is deemed augmented to include the appellant's deposition. The judgment is affirmed.

Draper, J., and Shoemaker, J., concurred.